IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KINGSLEY-BATE LTD., a
Delaware corporation,

      Plaintiff,                      No. CIV S-04-1268 MCE JFM

    vs.

GLOBAL ALLIES, LLC, etc., et al.,

      Defendants.               ORDER

_____/

        Defendants' motion for order to show cause regarding sanctions for violation of protective order came on regularly for hearing July 7, 2005. Richard M. Archbold argued for plaintiff. Dennis Shore argued for defendants. Upon review of the motion and the documents in support and opposition, upon hearing the arguments of counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        Defendants seek sanctions for plaintiff's alleged violation of this court's January 26, 2005 protective order. Defendants contend that, during a deposition on March 3, 2005 plaintiff's counsel violated a protective order by leaving certain documents marked confidential on top of a secretary's desk and on a table in the deposition room in a position where Christopher Kingsley, a person as to whom the documents were confidential, might have been able to see the top pages of the respective documents.

On January 26, 2005, the parties stipulated to and the district court ordered a protective order.  Paragraph 4 of that protective order states:

> Absent the written consent of the producing party, or as otherwise provided herein, documents which are designed as CONFIDENTIAL shall not be disclosed to anyone other than:  (a) the Court, the jury and court personnel, (b) outside counsel and employees of outside counsel (and not in-house counsel) who are assisting in the prosecution of this litigation, and who shall be advised of, and be bound by, the terms hereof; (c) witnesses at deposition or trial and court reporters in this litigation; and (d) experts and consultants, and their employees who assist them, that are retained by counsel for the prosecution of this litigation; provided that the persons in categories (c) and (d) of this paragraph shall, before being provided any such CONFIDENTIAL documents or information, shall sign a Certificate Regarding Confidentiality in the form attached hereto as EXHIBIT A in which they represent that they have read this Order and agree to be bound by the terms hereof. . . .

Id. at 2-3.

Violation of any court order, including a protective order, may be punishable as a contempt or be sanctioned under the court's inherent power.  Courts have additional authority to hold parties in contempt for failure to obey court orders.  Fed. R. Civ. P. 37(b)(2)(D); see Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1479-1480 (9th Cir. 1992).  A civil contempt sanction is coercive, designed to force the contemnor to comply with an order of the court and must include a 'purge' condition.  Cunningham v. Hamilton County, Ohio, 527 U.S. 198, 207 (1999).  To support a judgment of contempt, the district court must find, based on clear and convincing evidence, that:

    1. The party violated the order;

    2. The violation did not constitute 'substantial compliance' with the order; and

    3. The violation was not based on a good faith and reasonable interpretation of the order.  In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993).

/////

> Civil contempt in this context consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply. The contempt "need not be willful," and there is no good faith exception to the requirement of obedience to a court order. [*In re Crystal Palace Gambling Hall, Inc.,* 817 F.2d 1361, 1365 (9th Cir.1987)] But a person should not be held in contempt if his action " 'appears to be based on a good faith and reasonable interpretation of the [court's order].' " Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc., 689 F.2d 885, 889 (9th Cir.1982) (quoting Rinehart v. Brewer, 483 F.Supp. 165, 171 (S.D.Iowa 1980). "Substantial compliance" with the court order is a defense to civil contempt, and is not vitiated by "a few technical violations" where every reasonable effort has been made to comply. Id. at 891; see also General Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1378-79 (9th Cir.1986).

Dual-Deck, 10 F.3d at 695. "The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by "clear and convincing evidence," not merely a preponderance of the evidence." Dual-Deck, 10 F.3d at 695 (Citation omitted).

Defendants filed sworn statements in opposition to plaintiff's motion. A declaration of Ms. Lazo, plaintiff's counsel's secretary, was filed stating that she had the relevant documents on her desk to photocopy for the deposition and that defendants' counsel had to lean over the desk to see them. (Lazo Decl. at 2, 3.) Ms. Lazo declared that "at no time did Mr. Kingsley stop at [her] work station nor did [she] see or observe Mr. Kingsley inspect, read or otherwise try to examine any of the documents." (Lazo Decl. at 2.) Additionally, Mr. Kingsley has provided a declaration stating he did not look at any of the documents, did not make an effort to look at or read or review any of the documents, and did not attempt to listen to the ongoing testimony through the door to the conference room. Defendants have provided no evidence to the contrary.[1]

Defendants have failed to prove by clear and convincing evidence that plaintiff violated the protective order. The documents were clearly marked confidential. They were

---

[1] Plaintiff's counsel would be well-advised to take reasonable steps in the future to avoid even the appearance that his client might have had access to confidential documents subject to the protective order herein. Defendants' various suggestions for more careful treatment of confidential documents are well-taken.

stacked in such a way that, even if someone had tried to look, only the page on top could have been read without further effort.  Defendants have provided no evidence that plaintiff actually viewed any of the confidential documents or that plaintiff heard defense counsel describe any of the confidential documents reviewed at the deposition.

In accordance with the above, IT IS HEREBY ORDERED that defendants' May 17, 2005 motion for order to show cause is denied without prejudice.

DATED:  July 7, 2005.

UNITED STATES MAGISTRATE JUDGE

/001; kingsley.osc